FILED
United States Court of Appeals
Tenth Circuit

October 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE CURTIS,

Defendant - Appellant.

No. 07-5115

(N.D. Oklahoma)

(D.C. No. 01-CR-00003-TCK)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Andre Curtis, a federal prisoner, appeals the denial of his motion to modify his 2,271-month sentence. Because the district court lacked jurisdiction to modify Mr. Curtis's sentence under 18 U.S.C. § 3582(c), we affirm.

On December 21, 2001, Mr. Curtis was convicted by a jury on eight counts of robbery, *see* 18 U.S.C. § 1951, and eight counts of using a firearm during a crime of violence, see *id.* § 924(c). Sentences imposed under § 924(c) must run

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consecutively to each other and to any other sentence imposed. *See id.*

§ 924(c)(1)(D). On April 4, 2002, the United States District Court for the

Northern District of Oklahoma sentenced Mr. Curtis to the statutory minimum of

2,184 months' imprisonment for his firearm convictions and to 87 months for his

robbery convictions, at the bottom of the sentencing range under the United States

Sentencing Guidelines (USSG), for a total of 2,271 months.

On direct appeal this court affirmed Mr. Curtis's conviction and sentence,

*United States v. Curtis*, 344 F.3d 1057 (10th Cir. 2003), and the United States

Supreme Court denied Mr. Curtis's petition for a writ of certiorari, *Curtis v.

United States*, 540 U.S. 1157 (2004). On January 12, 2005, Mr. Curtis filed a

motion for relief under 28 U.S.C. § 2255, which the district court denied on

March 8, 2007. Mr. Curtis did not seek to appeal that decision.

On March 23, 2007, Mr. Curtis filed a motion under 18 U.S.C. § 3582(c)(2)

to modify his sentence. The district court denied this motion on July 9, 2007.

Mr. Curtis then filed a request for a certificate of appealability, which the court

construed as a timely notice of appeal.

As this court has previously noted,

> 18 U.S.C. § 3582(c) provides only three jurisdictional grants under
> which a court may "modify a term of imprisonment once it has been
> imposed." A court may modify a sentence: (1) in certain
> circumstances "upon motion of the Director of the Bureau of
> Prisons"; (2) "to the extent otherwise expressly permitted by statute
> or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in
> cases where the applicable sentencing range "has subsequently been

lowered by the Sentencing Commission." *Id*. at § 3582(c)(1)(A),
(c)(1)(B), (c)(2).

*United States v. Green* 405 F.3d 1180, 1184 (10th Cir. 2005) (footnote omitted).

Mr. Curtis relies on the third basis for jurisdiction. He claims that he is entitled

to a reduction of his sentence because of the adoption of Amendment 599 to the

Guidelines Manual. Amendment 599 amended Application Note 2 to USSG

§ 2K2.4 to state in part: "If a sentence under [USSG §2K2.4] is imposed in

conjunction with a sentence for an underlying offense, do not apply any specific

offense characteristic for possession, brandishing, use, or discharge of an

explosive or firearm when determining the sentence for the underlying offense."

USSG app. C (Supp. 2001). One purpose of the amendment is to avoid

duplicative punishment for the use of a firearm. *See id.*

Amendment 599 went into effect on November 1, 2000. *See id.* Thus it

was in effect at the time of Mr. Curtis's April 2002 sentencing. Amendment 599

did not *subsequently* lower his sentencing range, and consequently the district

court had no jurisdiction to consider a modification to his sentence under

18 U.S.C. § 3582(c)(2). Moreover, it appears that Mr. Curtis did in fact receive

the benefit of Amendment 599 at his sentencing. The presentence report notes

that it was prepared using the 2001 edition of the Guidelines Manual and

expressly states that according to Application Note 2 of USSG § 2K2.4, the

offense level "[was] not increased by the six-levels that would ordinarily be

applicable for discharge of a firearm under USSG 2B3.1(b)(2)(B)." R. Supp.

Vol. I at 15.

The judgment of the district court is therefore AFFIRMED.


ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge