**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNTIED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY CLINTON HARPER,

    Defendant - Appellant.

No. 08-5052
(D.C. No. 4:06-CR-000174-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Larry Clinton Harper appeals the district court's denial of his *pro se* motion

for resentencing under 18 U.S.C. § 3582(c)(2). The district court denied his

motion on the merits, finding that Mr. Harper was not sentenced based on a

Sentencing Guidelines range which had subsequently been lowered and that he

was therefore ineligible for a sentence reduction under Section 3582(c)(2). On

appeal, Mr. Harper's trial counsel filed an *Anders* brief and moved to withdraw as

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel.  Mr. Harper filed a *pro se* response, and the government declined to file a brief.  While agreeing with the district court's analysis, we find that its conclusion rendered it without jurisdiction to consider the merits of Mr. Harper's case.  We therefore remand with instructions to dismiss the case and we deem moot counsel's motion to withdraw.

* * *

In October 2006, Mr. Harper was indicted in federal court in the Northern District of Oklahoma on two methamphetamine-related counts.  Count One charged him with conspiracy under 21 U.S.C. § 846, alleging that Mr. Harper conspired to possess 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Count Two alleged that Mr. Harper possessed with the intent to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Mr. Harper pled guilty to both counts.  He was fined $5,000 and sentenced to terms of 120 months on each count, to be served concurrently, followed by five years of supervised release.[1]  Mr. Harper did not directly appeal or collaterally attack his conviction or sentence.

---

[1]  The sentence imposed on Count One was the statutory minimum ten years.  *See* 21 U.S.C. § 841(b)(1)(A)(viii) (persons convicted for offenses involving  500 grams or more of a mixture containing a detectable amount of methamphetamine "shall be sentenced to a term of imprisonment which may not be less than 10 years").

Mr. Harper did, however, nearly a year later, file a *pro se* motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The statute allows that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ." *Id.* In November 2007, the Sentencing Commission's Amendment 706 to the Sentencing Guidelines took effect; that amendment, enacted to revise the manner in which sentencing levels in crack cocaine convictions are determined, effectively reduced by two the base Guidelines levels for defendants sentenced for crack cocaine offenses after November 1, 2007. Mr. Harper argued that he "qualifie[d] for the Amendments listed in [U.S.S.G. § 1B1.10]" and should be resentenced by the district court.[2]

The district court disagreed. The court determined that Mr. Harper was charged with, indicted for, pled guilty to, and sentenced for, methamphetamine-related offenses. Crack cocaine played no role in the calculation of his recommended sentence under the Guidelines. On this basis, the district court denied Mr. Harper's motion, holding that Amendment 706's reduction in base

---

[2] Section 1B1.10 of the Sentencing Guidelines says that where "the guideline range applicable to [a] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 (a). Subsection (c) includes Amendment 706 among the enumerated amendments. *Id.* § 1B1.10(c).

Guidelines levels was inapplicable to his case and Mr. Harper was ineligible for resentencing under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. *See* D. Ct. Order (March 19, 2008).

Mr. Harper filed a *pro se* notice of appeal. This court notified Mr. Harper's trial counsel and ordered him to file an entry of appearance and an opening brief. Counsel entered an appearance and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), requesting leave to withdraw from the case. Counsel asserted that "[a]fter a conscientious examination of the record below, the issues presented in this appeal have been thoroughly researched and it is counsel's belief that there is no merit to these issues." Br. at 7. Mr. Harper docketed a response to counsel's *Anders* brief with this court, though he does not revisit the merits of his Section 3582 motion. Instead, he raises a number of new arguments not presented to the district court and asks to be resentenced to time served and to be released.[3]

* * *

After a thorough review of the record in this case, we agree with the district court that Mr. Harper's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.

---

[3] Mr. Harper argues that he was coerced into signing his plea agreement, that his guilty plea therefore was not knowing and voluntary, and that his plea agreement was breached in any event. He also seeks a reduction of sentence pursuant to U.S.S.G. § 5K1.1, for rendering substantial assistance to authorities, a reduction he alleges was promised to him by the government.

§ 3582(c)(2). Under our case law, however, such a determination rendered the district court without jurisdiction to consider the motion, and the case should have been dismissed for lack of jurisdiction. *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) ("These facts establish that [defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' . . . . Thus, the district court should have dismissed [defendant's] motion without considering its merits."); *see also United States v. Curtis*, 252 F. App'x. 886, 887 (10th Cir. 2007) ("[The Amendment] did not subsequently lower [defendant's] sentencing range, and consequently *the district court had no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)*." (emphasis added)). As the district court was without jurisdiction to consider the merits of Mr. Harper's motion under 18 U.S.C. § 3582, we will not consider the merits of the other arguments Mr. Harper presents in his response to counsel's motion to withdraw. *See Schmidt v. King*, 913 F.2d 837, 839 (10th Cir. 1990) ("Although [the parties] raise several arguments on appeal relating to the merits of this action, we do not address those arguments because we conclude the district court lacked jurisdiction to consider this action."); *see also* 15A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3903 ("The rule is well established that if a district court lacked subject matter jurisdiction, the court of appeals is obliged to notice the lack . . . , and lacks jurisdiction to consider the merits of the case.").

\* \* \*

For the foregoing reasons, we remand with instructions to dismiss for lack of jurisdiction Mr. Harper's motion for resentencing under 18 U.S.C. § 3582(c)(2) and deem moot counsel's motion to withdraw.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge