FILED
United States Court of Appeals
Tenth Circuit

December 5, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LANCE LAMAR BURKS,

    Defendant - Appellant.

No. 08-5064
(D.C. No. 01-CR-00028-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Lance Lamar Burks appeals from the district court's

denial of his pro se motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. In 2001, Mr.

Burks pled guilty to possession with intent to distribute five grams or more of

cocaine base (crack), 21 U.S.C. § 841(a)(1), (b)(1)(B), and was sentenced to 240

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

months' imprisonment and four years' supervised release in accordance with a plea agreement. Amendment 706 generally adjusted downward by two levels the base offense level applicable to crack cocaine offenses. United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008). The district court denied Mr. Burks' motion on the merits, concluding that he was not sentenced based on a Sentencing Guidelines range which had subsequently been lowered because (1) his base offense level would have remained the same given the multiple drug equivalency procedures, and (2) a higher career offender offense level applied, U.S.S.G. § 4B1.1(b).[1] See Sharkey, 543 F.3d at 1238-39 (affirming the denial of a § 3582(c)(2) motion because Amendment 706 had no effect on the career offender guidelines applicable to defendant).

On appeal, Mr. Burks argues that the district court erred in concluding it had no jurisdiction because he had been sentenced as a career offender. He also argues that the district court abused its discretion in not reducing his sentence. Mr. Burks contends that the district court did not rely on career offender status in sentencing him, rather he was sentenced pursuant to a plea agreement. Aplt. Br. at 3. He also argues that he should be resentenced with an offense level of 24,

---

[1] Mr. Burks' base offense level was 26, with a two-level enhancement for possession of a firearm, which resulted in an adjusted offense level of 28. III R. (PSR) at 7. However, because he was classified as a career offender, his adjusted offense level was 34, and he received a two-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 32 and criminal history of VI. Id. at 8, 12. The guideline range was 210 to 262 months. Id. at 14.

- 2 -

criminal history category VI, with a sentencing range of 100 to 125 months.  Id. at 5.

We cannot agree.  The district court denied the motion on the merits, not on the basis of lack of jurisdiction.  Although the district court was correct that Amendment 706 is applicable because the offense involved crack cocaine, it does not apply here because Mr. Burks was sentenced to 240 months' imprisonment based upon a specific, agreed-upon sentence.[2]  Fed. R. Crim. P. 11(c)(1)(C).  Such a sentence rendered the district court without jurisdiction to consider the § 3582(c)(2) motion, and Mr. Burks' motion should have been dismissed for lack of jurisdiction.  See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996); see also United States v. Harper, 282 F. App'x 727, 729 (10th Cir. 2008) (unpublished).  Therefore, we remand with instructions to dismiss the motion for lack of jurisdiction.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2]  Even if that were not the case, the sentence is the product of the career offender guidelines, and the motion was properly denied.  See Sharkey, 543 F.3d at 1239.