**UNITED STATES COURT OF APPEALS**

**January 16, 2009**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RICHARD GONZALES,

     Defendant - Appellant.

No. 08-2142
(D.C. No. 99-CR-01192)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

     Defendant-Appellant Richard Gonzales appeals from the district court's

denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)

and Amendment 706 to the Sentencing Guidelines. In 2000, Mr. Gonzales pled

guilty to conspiracy to distribute five grams or more of cocaine base (crack), 21

U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and was sentenced to 130 months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

imprisonment and four years' supervised release in accordance with a plea agreement.[1]  Amendment 706 generally adjusted downward by two levels the base offense level applicable to crack cocaine offenses.  United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008).  The district court summarily denied Mr. Gonzales' motion.

Counsel has filed a brief (and served it on Mr. Gonzales) where he seeks to withdraw pursuant to Anders v. California, 386 U.S. 738, 744 (1967).  We agree that there are no potentially meritorious issues on appeal because the sentence in this case was not eligible for sentence reduction.  A district court has limited authority to modify a previously imposed sentence and must do so pursuant to statutory authority.  United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).  Here, the sentence was not "based on a sentencing range that has subsequently been lowered" as required by § 3582(c)(2).  Although Amendment 706 may appear to apply because the offense involved crack cocaine, the amendment does not because Mr. Gonzales was sentenced to 130 months'

---

[1]  Mr. Gonzales' base offense level was 28, with a three-level downward adjustment for acceptance of responsibility, which would have resulted in an offense level of 25.  II R. (PSR) at 5-6.  However, because he was classified as a career offender, his adjusted offense level was 34, and he received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 31 and a criminal history of VI.  Id. at 19-20.  The guideline range was 188 to 235 months.  Id. at 20.  Amendment 706 does not apply to a sentence based upon a higher career offender offense level pursuant to U.S.S.G. § 4B1.1(b).  See Sharkey, 543 F.3d 1236, 1238-39 (10th Cir. 2008) (affirming denial of § 3582(c)(2) motion).

imprisonment based upon a specific, agreed-upon sentence. Fed. R. Crim. P. 11(c)(1)(C). Such a sentence rendered the district court without jurisdiction to consider the § 3582(c)(2) motion; we will construe the district court's summary denial as a dismissal for lack of jurisdiction. See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996); see also United States v. Gonzales, No. 08-5061, 2008 WL 5351686, at *2 n.3 (10th Cir. Dec. 23, 2008) (unpublished); United States v. Burks, No. 08-5064, 2008 WL 5102296, at *1 (10th Cir. Dec. 5, 2008) (unpublished); United States v. Harper, 282 F. App'x 727, 729 (10th Cir. 2008) (unpublished).

APPEAL DISMISSED. Counsel's motion to withdraw is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge