UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHESTER J. GOUDEAU,

Defendant - Appellant.

No. 09-3031
(D. Ct. No. 6:06-CR-10213-JTM-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Chester Goudeau appeals the district court's memorandum and order denying his amended motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In this pro se appeal, Mr. Goudeau argues that the district court erred when it enforced the appellate waiver provision in his plea agreement. Because Mr. Goudeau's

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence was imposed as a result of a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and not through consideration of the United States Sentencing Guidelines ("Guidelines"), the district court did not have jurisdiction to consider Mr. Goudeau's motion. We therefore REMAND the case to the district court for the purpose of dismissing Mr. Goudeau's motion for lack of jurisdiction.

## I. BACKGROUND

In September 2006, Mr. Goudeau was indicted and charged with one count of possession with intent to distribute crack cocaine, one count of possession with intent to distribute cocaine powder, one count of possession of a handgun in furtherance of a drug trafficking crime, and one count of possession of a firearm by a felon. On January 29, 2007, Mr. Goudeau entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Mr. Goudeau agreed to plead guilty to Count One, which charged possession with intent to distribute approximately 232.2 grams of a mixture of a substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). The government agreed to dismiss the other counts of the indictment. The parties also agreed to a sentence of 216 months. The plea agreement included a provision under which Mr. Goudeau waived his right "to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."

At the plea hearing, the district court thoroughly reviewed the plea agreement with Mr. Goudeau, including the waiver of his right to appeal his conviction and sentence. Mr. Goudeau confirmed that he understood the maximum sentence that could be imposed, the

parties' agreement to a sentence of 216 months in prison, and the waiver of his right to appeal. The probation office then prepared a Presentence Report ("PSR"), which recommended a sentencing range of 168 to 210 months. The parties subsequently amended the plea agreement to state that a 192-month sentence (sixteen years) was appropriate. On April 25, 2007, the district court accepted the plea agreement and sentenced Mr. Goudeau to sixteen years in prison. He did not file a direct appeal. On May 5, 2008, Mr. Goudeau filed an amended motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that his sentence should be reduced because the Guidelines had been amended to reduce the Guidelines range for his offense. On January 15, 2009, the district court issued a Memorandum and Order enforcing the appellate waiver and denying Mr. Goudeau's amended motion for a reduction of sentence. Mr. Goudeau filed a timely notice of appeal.

## II. DISCUSSION

A district court only has jurisdiction to modify a previously imposed sentence when specifically authorized to do so by a statute. *See United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006). Under 18 U.S.C. § 3582(c)(2), a district court has jurisdiction to modify the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, for the district court to have jurisdiction, the sentence must have been "based on a sentencing range." A sentence imposed as a result of a binding plea agreement under Rule 11(c)(1)(C), however, is not a sentence based on

a sentencing range.  *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996).[1]

Rather, the sentence is the product of a specific agreement that is binding on the court.

Because Mr. Goudeau's sentence was not "based on a sentencing range," 18 U.S.C. §

3582(c)(2) does not apply, and the district court did not have jurisdiction to entertain Mr.

Goudeau's motion.[2]

### III.  CONCLUSION

For the foregoing reasons, we REMAND to the district court for the purpose of

---

[1]*Trujeque* involved Rule 11(e)(1)(C), the provisions of which are currently found in Rule 11(c)(1)(C).

[2]This interpretation is consistent with several unpublished opinions in which this court has held that a Rule 11(c)(1)(C) plea agreement for a particular term of imprisonment does not establish a sentence based on the Guidelines.  *See, e.g.*, *United States v. Gonzalez*, 308 Fed. App'x 251, 252 (10th Cir. Jan. 16, 2009); *United States v. Graham*, 304 Fed. App'x 686, 688 (10th Cir. Dec. 22, 2008); *United States v. Burks*, 301 Fed. App'x 781, 782 (10th Cir. Dec. 5, 2008).

We note that in this case, the original plea agreement stipulated to a longer sentence (216 months); after the PSR established a Guidelines range of 168 to 210 months, the parties amended the plea to agree to a lesser sentence.  Goudeau has not argued that the parties' modification of the agreed-upon sentence following the preparation of the PSR caused his sentence to be "based on a sentencing range," so we need not address the merits of such an argument.  In any event, as the district court reasoned, Mr. Goudeau's motion would fail based on his valid waiver of his appellate rights.

dismissing Mr. Goudeau's motion for lack of jurisdiction.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge