UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GONZALO GOMEZ-OLIVAS, a/k/a
Anthony M. Flores,

      Defendant - Appellant.

No. 09-8030
(D.C. No. 2:96-CR-00102-ABJ-1)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant Gonzalo Gomez-Olivas, a federal inmate appearing

pro se, appeals from the district court's denial of his motion for sentence

reduction pursuant to 18 U.S.C. § 3582(c) and Amendments 591 and 599 to the

U.S. Sentencing Guidelines. See R. Doc. 436. Mr. Gomez-Olivas was tried and

convicted of conspiracy to possess with intent to distribute and distribution of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. United States v. Torrez-Ortega, 184 F.3d 1128, 1131 (10th Cir. 1999). On direct appeal, this court reversed and remanded due to a confrontation clause violation. Id. at 1135-36, 1138. During the new trial, in January 2000, Mr. Gomez-Olivas entered into a plea agreement, in which he stipulated to a 30-year sentence. R. Doc. 351 at 6. He subsequently received that sentence. R. Doc. 354. Thereafter, Mr. Gomez-Olivas began his pursuit of relief from his prison sentence, a portion of which we recount here.

On September 29, 2000, Mr. Gomez-Olivas filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, R. Doc. 369, which the district court denied, R. Doc. 390. On November 16, 2006, he filed a motion pursuant to 18 U.S.C. § 3582(c) requesting that the court reduce his sentence, see R. Docs. 406, 408, which was denied on November 20, 2007, R. Doc. 412. Apparently unaware that the district court had denied his motion, he then filed a motion for a writ of mandamus in March 2008, see R. Docs. 413-17, which this court denied as moot on June 23, 2008, R. Doc. 418. On July 7, 2008, Mr. Gomez-Olivas attempted to appeal the denial of his § 3582(c) motion to reduce sentence, R. Doc. 419, but we dismissed the appeal as untimely, United States v. Gomez-Olivas, No. 08-8046 (10th Cir. Aug. 6, 2008) (Order). The district court then denied Mr. Gomez-Olivas's Fed. R. Civ. P. 60(b)(6) motion on November 21, 2008. See R. Docs. 426, 427. Finally, on February 4, 2009, he filed another motion pursuant to 18

U.S.C. § 3582(c), R. Doc. 429, which was denied as moot on February 23, 2009, R. Doc. 434. He now appeals that denial, arguing that he is "entitled to a modification of his sentence pursuant to guideline amendments 591[] & 599."[1] R. Doc. 436 at 1.

Mr. Gomez-Olivas has moved for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, he must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a)(1); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). Mr. Gomez-Olivas cannot meet that standard given that his second motion to reduce his sentence pursuant to § 3582(c) is plainly successive and foreclosed by circuit precedent. As the district court held, Mr. Gomez-Olivas's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather was the product of a stipulated plea agreement and therefore does not qualify for a reduction. R. Doc. 412 at 2-4; see United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996); United States v. Gage, 315 F. App'x 48, 48-49 (10th Cir. 2009) (unpublished); United States v. Gonzales, 308

---

[1] We asked the parties to submit briefs on jurisdiction and conclude that Mr. Gomez-Olivas's notice of appeal was indeed timely, having been filed on March 6, 2009, though entered on the docket on March 11, 2009. Fed. R. App. P. 4(b)(1)(A)(I), 26(a)(2).

F. App'x 251, 252 (10th Cir. 2009) (unpublished); <u>see also</u> <u>United States v.</u> <u>Sanchez</u>, 562 F.3d 275, 280-82 (3rd Cir. 2009); <u>United States v. Scurlark</u>, 560 F.3d 839, 842-43 (8th Cir. 2009); <u>United States v. Peveler</u>, 359 F.3d 369, 377-79 (6th Cir. 2004).  <u>But see</u> <u>United States v. Dews</u>, 551 F.3d 204, 209-12 (4th Cir. 2008), <u>en banc reh'g granted</u> (Feb. 20, 2009).  To the extent that he is raising other sentencing issues, Mr. Gomez-Olivas would be required to apply for and receive certification of any second or successive § 2255 motion before proceeding.  <u>See</u> 28 U.S.C. § 2255(h) (requiring either "newly discovered evidence" or "a new rule of constitutional law" before this court can certify a second or successive § 2255 motion).

APPEAL DISMISSED.  The motion to proceed in forma pauperis is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge