FILED
United States Court of Appeals
Tenth Circuit

May 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LADELL FITZGERALD PACE,

    Defendant - Appellant.

No. 15-6216
(D.C. No. 5:10-CR-00081-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

A jury found Defendant Ladell Pace guilty on three counts of possession with intent to distribute more than five grams of cocaine base (crack cocaine), *see* 21 U.S.C. § 841(a)(1), and two counts of using a communication facility to facilitate the acquisition of more than five grams of cocaine base, *see* 21 U.S.C. § 843(b). All offenses occurred in 2009. Under the law in effect at the time of the offenses, the mandatory-minimum sentence was five years. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

At sentencing, the district court found that Defendant was responsible for 1,531.2 grams of cocaine base. His base-offense level was therefore 34, which was increased by two levels for maintaining a premise for the purposes of distribution of controlled substances, leading to a total offense level of 36. With a criminal-history category of II, his guideline sentencing range was 210 to 262 months' imprisonment. The court sentenced him to 228 months' imprisonment.

Defendant later filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence because of retroactive amendments to the sentencing guidelines. Courts lack authority to modify a sentence unless authorized by Congress. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). Under § 3582(c)(2) Congress has authorized a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ."

Defendant cited three amendments under which he argued he was entitled to relief: Amendment 713 (retroactively applying Amendment 706, *see United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008); USSG app. C, amend. 713), Amendment 759 (retroactively applying Amendment 750, *see Osborn*, 679 F.3d at 1194; USSG app. C, amend. 759), and Amendment 788 (retroactively applying Amendment 782, *see United States v. Kurtz*, 2016 WL 1212066, at *3 (10th Cir. 2016); USSG app. C, amend. 788). These amendments provide retroactive offense-level reductions for certain drug offenses. Amendment 706, effective on November 1, 2007, amended the Drug Quantity Table in USSG § 2D1.1(c), providing "a 2-level reduction in base offense levels for crack

cocaine-related offenses." *Rhodes*, 549 F.3d at 835; *see* USSG app. C, amend. 706. Similarly, Amendment 750, effective on November 1, 2011, "altered the drug-quantity tables [for crack-cocaine] in the Guidelines, increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the [Fair Sentencing Act of 2010]." *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (internal quotation marks omitted); *see* USSG app. C, amend. 750. Amendment 750's changes made permanent the temporary changes made on an emergency basis in Amendment 748, which had become effective a year earlier. *See* USSG app. C, amend. 748 ("This amendment implements the emergency directive in section 8 of the Fair Sentencing Act of 2010, Pub. L. 111-220.") and amend. 750. Amendment 782 to the Guidelines, effective November 1, 2014, also "reduced the base offense levels assigned to drug quantities in USSG § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *Kurtz*, 2016 WL 1212066, at *3 (internal quotation marks omitted); *see* USSG app. C, amend. 782.

The district court agreed with Defendant's claim under Amendment 788, reduced his base offense level to 32, reduced his sentencing range to 168 to 210 months, and reduced his sentence to 182 months' imprisonment. The court did not address the other amendments cited by Defendant.

Defendant now appeals, seeking additional relief. Discerning no ground for such relief, his attorney has filed an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines

3

that an appeal would be "wholly frivolous").  Defendant filed a response asserting that he is entitled to additional sentence reductions under Amendments 713 and 759.  The United States chose not to submit a brief.  We have jurisdiction under 28 U.S.C. § 1291.

Defendant's brief "incorporates by reference his arguments as presented to the District Court" which included his arguments that he was entitled to relief under Amendments 713 and 759.  Resp. to *Anders* Br. at 1.  These arguments are waived.  *See Fulghum v. Embarq Corp.*, 785 F.3d 395, 410 (10th Cir. 2015) ("Allowing litigants to adopt district court filings would provide an effective means of circumventing the page limitations on briefs set forth in the appellate rules and unnecessarily complicate the task of an appellate judge." (internal quotation marks omitted)).

In any event, the arguments Defendant raised in the district court have no merit.  First, he argued he was entitled to relief under Amendment 713, which retroactively applied Amendment 706's lowered guideline ranges.  But because Amendment 706 went into effect on November 1, 2007, well before his sentencing, that Amendment did not *subsequently* lower his sentencing range and the district court had no jurisdiction to modify his sentence on that ground.  *See* 18 U.S.C. § 3582(c) (authorizing sentence reduction in case of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission" (emphasis added)); *see also United States v. Curtis*, 252 F. App'x 886, 887 (10th Cir. 2007) (defendant not entitled to lower sentencing range based on amendment that was effective at time of sentencing).

Second, Defendant argued he is entitled to relief under Amendment 759 and "the opportunity afforded pursuant to 18 U.S.C. § 3553(a) [under the amendment] to present his case to the Court in order that he be sentenced under the appropriate criminal history category which makes him eligible for the 'safety valve' provision . . . ." R. at 47. But under Amendment 759, which retroactively applied Amendment 750's lowered guideline sentencing ranges, Defendant's base-offense level was still 34, *see* USSG § 2D1.1 (2011) (assigning a base offense level of 34 to "[a]t least 840 G but less than 2.8 KG of Cocaine Base"), yielding the same sentencing guidelines range as determined when the court had originally sentenced him. Because his sentencing range was not lowered by the amendment, he was not entitled to relief under Amendment 750. *See* 18 U.S.C. § 3582(c) (authorizing sentence reduction in cases of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission" (emphasis added)). And Defendant would not have qualified under the safety-valve provision anyway because he had more than one criminal-history point. *See* USSG § 5C1.2(a)(1) (qualifications for a defendant to receive offense-level reduction under the safety-valve provision include that the defendant have no more than one criminal-history point).

Finally, this court will not entertain Defendant's various arguments in his response to counsel's *Anders* brief that he should be given the opportunity to attack his criminal-history category. These challenges are not permitted under §3582(c)(2). *See United States v.* Gay, 771 F.3d 681, 686 (10th Cir. 2014) (noting limits on issues that can be raised under § 3582(c)(2)).

5

We GRANT the motion for leave to withdraw and DISMISS the appeal.


Entered for the Court


Harris L Hartz
Circuit Judge

6