**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS AGUSTIN GASTELUM-
CARRAZCO,

Defendant-Appellant.

No. 15-2126
(D.C. No. 2:13-CR-03003-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Jesus Agustin Gastelum-Carrazco appeals from the district court's denial of

his motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), wherein

he sought a reduction of his sentence based on Amendment 782 to the United

States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"). His counsel

---

[*]The parties have not requested oral argument, and upon examining the
briefs and appellate record, this panel has decided that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument.

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

has moved to withdraw from the case, and pursuant to *Anders v. California*, 386 U.S. 738 (1967), filed a brief advising us of her conclusion that this appeal is wholly frivolous. Exercising our jurisdiction under 28 U.S.C. § 1291, we **grant** counsel's motion to withdraw, and **remand** the case to the district court with instructions to **vacate** its judgment and **dismiss** Mr. Gastelum-Carrazco's § 3582(c)(2) motion for a sentence reduction.

## I

In 2013, Mr. Gastelum-Carrazco pleaded guilty to conspiracy to possess with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR").[1] The PSR first noted that the base offense level for the offense was twenty-eight. Then, the PSR applied a six-level downward adjustment for Mr. Gastelum-Carrazco's limited role in the offense and acceptance of responsibility, and assigned him a criminal history category of II. As a result, the PSR arrived at an advisory Guidelines range of forty-six to fifty-seven months' imprisonment. However, because the PSR found that "the statutorily required minimum sentence of [sixty months] is greater than the maximum of the applicable guideline range," the PSR

---

[1] In drafting the PSR, the Probation Office relied on the 2013 version of the Guidelines. Mr. Gastelum-Carrazco does not question that decision on appeal; therefore, as needed, we also use the 2013 version.

2

recommended sixty months' imprisonment under U.S.S.G. § 5G1.1(b). R., Vol. II, at 10 (PSR). At sentencing, the district court sentenced Mr. Gastelum-Carrazco to sixty months' imprisonment—i.e., the statutory mandatory minimum—followed by four years' unsupervised release.

Subsequently, Mr. Gastelum-Carrazco, proceeding pro se, filed the instant motion in the district court under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence pursuant to Amendment 782 of the Guidelines. The district court denied the motion. Mr. Gastelum-Carrazco now appeals from that denial.

Mr. Gastelum-Carrazco's appellate counsel has moved to withdraw and filed an *Anders* brief stating her belief that this appeal is frivolous. *See Anders*, 386 U.S. at 744 (holding that court-appointed appellate counsel is not required to prosecute an appeal from a criminal conviction after conscientiously determining that there is no merit to the appeal—i.e., that the appeal is "wholly frivolous"—and holding that in such situations, counsel's request for permission to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal"). In her *Anders* brief, defense counsel has raised the sole issue of whether the district court correctly denied the motion for a sentence reduction.

## II

We review the district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See, e.g.*, *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). However, we review de novo the district court's

3

interpretation of a statute or the Guidelines. *See, e.g.*, *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" when the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Gastelum-Carrazco argues that the district court abused its discretion when it concluded that Amendment 782 does not authorize a reduction of his sentence pursuant to § 3582(c)(2). However, we conclude that the district court correctly determined that Amendment 782 does not affect Mr. Gastelum-Carrazco's sentence; thus, its rejection of his § 3582(c)(2) motion was proper.

Amendment 782 reduces the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses. *See* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014).[2] However, Mr. Gastelum-Carrazco was sentenced to a statutorily required minimum sentence under 21 U.S.C. § 841(b)(1)(B)—*viz.*, his sentence was not based on U.S.S.G. § 2D1.1. More specifically, after the district court determined that Mr. Gastelum-Carrazco's statutorily required minimum sentence of sixty months was greater than his advisory Guidelines range of forty-six to fifty-seven months, it was obliged under the

---

[2] This Amendment became effective on November 1, 2014 and applies retroactively.

4

Guidelines to impose the greater sentence prescribed by the statute. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Because Mr. Gastelum-Carrazco was sentenced based on a mandatory statutory minimum—not his otherwise applicable advisory Guidelines range, which Amendment 782 did affect—the district court lacked authority to grant his motion. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's *applicable* guideline range." (emphasis added)); *see also United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) ("As the plain language of the statute makes clear, a district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.' Under this court's well-settled precedent, '[a] sentence is "based on a sentencing range" when the court imposes the sentence after calculating the sentencing range derived from the *defendant's offense level and criminal-history category*.'" (alteration in original) (citations and footnote omitted)); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) ("Mr. Smartt was not sentenced pursuant to the guidelines. Rather, he was sentenced to a statutory mandatory minimum . . . . Mr. Smartt was thus ineligible for a reduction of sentence under section

5

3582(c)(2)." (citations omitted)).

## III

For the foregoing reasons, after independently reviewing the record, we conclude that Mr. Gastelum-Carrazco's counsel correctly determined that there are no non-frivolous issues warranting this appeal. Accordingly, we **GRANT** defense counsel's motion to withdraw. Though the district court was correct in rejecting Mr. Gastelum-Carrazco's § 3582(c)(2) motion, it lacked the authority to adjudicate the motion's merits. Thus, the court should have dismissed the motion, instead of denying it.[3] Accordingly, we **REMAND** the case to the district court with instructions to **VACATE** its judgment

---

[3] When a modification is not authorized as a matter of law because the sentence was not based on a Guidelines range, at least under our precedent, the district court lacks jurisdiction to resolve the motion on the merits; accordingly, the proper response is to dismiss the motion, not to deny it. *See, e.g.*, *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996); *see also United States v. Harper*, 282 F. App'x 727, 729 (10th Cir. 2008) (collecting cases); *cf. United States v. Moya-Breton*, No. 15-4185, 2016 WL 3435465, at *2 n.3 (10th Cir. June 21, 2016) (noting that "some circuits take a different approach" on this question of authority to act on the merits). However, in fairness to the able district court judge, we note that the generic summary-disposition form employed by its court (as well as apparently other district courts) does not have a box to check for dismissing a § 3582(c)(2) motion. *See Moya-Breton*, 2016 WL 3435465, at *2 n.3 (noting that the standard form for an order disposing of a § 3582 motion used by the Utah district court judge provided only two options: grant and deny).

and **DISMISS** Mr. Gastelum-Carrazco's motion for a sentence reduction.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge