**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GILBERT RODRIGUEZ,

    Defendant - Appellant.

No. 15-4174
(D.C. No. 1:10-CR-00015-DAK-3)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Gilbert Rodriguez, Jr. appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Rodriguez and the government reached a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), and the district court sentenced Rodriguez to the agreed upon sentence. Rodriguez now argues that he is entitled to a two-level reduction under Amendment 782 to the Sentencing Guidelines. We vacate the district court's denial with instructions to dismiss Rodriguez's motion for lack of jurisdiction.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**FACTS**

In February 2010, Rodriguez was indicted on one count of possessing methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). In 2011, he entered into a Rule 11(c)(1)(C) plea agreement, agreeing to a sentence of 180 months. The district court accepted Rodriguez's guilty plea and sentenced Rodriguez to 180 months' imprisonment.

Before the sentencing, the probation office prepared a Presentence Investigation Report (PSR). Under the 2010 Sentence Guidelines, Rodriguez's total offense level was 33 (a base offense level of 36 under U.S.S.G. § 2D1.1 and a 3-level reduction for acceptance of responsibility) and his criminal history category was IV, leaving Rodriguez's advisory guideline range at 188 to 235 months.

In March 2015, Rodriguez filed an 18 U.S.C. § 3582 motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. Amendment 782 reduced by two offense levels convictions for offenses involving certain weights of certain controlled substances. The district court denied the motion under *Freeman v. United States*, 563 U.S. 522 (2011). Rodriguez has filed a pro se appeal, so we liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We vacate the district court's denial and instruct it to dismiss the motion for lack of jurisdiction.

**DISCUSSION**

We ordinarily review for an abuse of discretion a district court's denial of a motion under § 3582(c)(2). *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir.

2

2008). But the issue here is the scope of § 3582, a legal question that we review de novo. *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). Although federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed, they may modify a sentence when statutorily authorized. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Section 3582(c)(2) permits a district court to modify a sentence where it has sentenced a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [a defendant's] request." *Smartt*, 129 F.3d at 541.

Rodriguez pleaded guilty under a Rule 11(c)(1)(C) plea agreement, which permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed. R. Crim. P. 11. In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court addressed whether a Rule 11(c)(1)(C) sentence is one based on a sentencing range that the Sentencing Commission had later lowered. The Court reached a splintered decision with Justice Sotomayor deciding on a narrower ground than a plurality of the court.[1] *Id.* at 525–26. Thus, Justice Sotomayor's concurrence "represents the Court's holding" because

---

[1] The plurality concluded that all defendants who enter into Rule 11(c)(1)(C) agreements (necessarily specifying a particular sentence or sentence range as a condition of the guilty plea) are eligible for relief under § 3582(c)(2). *Freeman*, 564 U.S. at 529–33. Four Justices dissented and would have concluded that no prison term imposed under a Rule 11(c)(1)(C) agreement is ever eligible for § 3582(c)(2) relief. *Id.* at 544, 548–49 (Roberts, C.J., dissenting).

it was "the narrowest grounds of decision." *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013); *see Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.))). Justice Sotomayor concluded that a sentence imposed under a Rule 11(c)(1)(C) plea is "based on" the Guidelines when the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission . . . ." *Freeman*, 564 U.S. at 534 (Sotomayor, J., concurring).

Justice Sotomayor identified two situations where a prisoner may qualify for a reduced sentence under § 3582(c) despite being sentenced under a Rule 11(c)(1)(C) plea agreement. The first situation occurs when the Rule 11(c)(1)(C) plea agreement calls "for the defendant to be sentenced within a particular Guidelines sentencing range." *Id.* at 538. In that limited circumstance, we know "that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.* The second situation occurs when the plea agreement provides "for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 546 (quoting *id.* at 539

4

(plurality opinion)). If that sentencing range is evident from the plea agreement itself, the agreed term of imprisonment that the court imposes is "based on" a Guidelines range. *Id.* at 538–39.

Rodriguez's sentence was not based on a Guidelines sentencing range. Instead, his plea agreement required a 180-month sentence. The agreement does not refer to a proposed sentence "within a particular Guidelines sentencing range." *Id.* at 2697. Rodriguez cannot avail himself of § 3582(c)(2) because his sentence does not fall under either of the two *Freeman* conditions.

Rodriguez argues that his plea must be based on a Sentencing Guidelines range because the PSR form included a calculation of his guideline range. Rodriguez states that "the 'PSR' proves that the Court relied upon the 2010 U.S.S.G. Manual when it pronounced a 180-month sentence within the applicable Sentencing Guidelines range of 151 to 188 months."[2] Opening Br. at 4. That probation included a guideline calculation in its standard form hardly means that Rodriguez's 180-month sentence under Rule 11(c)(1)(C) was based on his guideline range. It stands to reason that negotiations preceding all plea agreements—including ones under Rule 11(c)(1)(C)— take account of possible guideline ranges. *See Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring) ("[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject."). But "[t]he term of imprisonment imposed by the district court . . . is not 'based on' those background

---

[2] Significantly, the advisory guideline range did not even include Rodriguez's 180-month sentence. As noted in the PSR, the guideline calculation resulted in an advisory range of 188 to 235 months' imprisonment.

5

negotiations; instead . . . it is based on the binding agreement produced by those negotiations." *Id.* As in *Freeman*, Rodriguez's sentence was "based on" (set by) his Rule 11(c)(1)(C) plea agreement, and nothing in that agreement shows its agreed punishment was explicitly "based on" a guideline range.

In summary, Rodriguez is not eligible for relief under § 3582(c)(2) because his agreed, binding 180-month sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As such, the district court could not have any jurisdiction to reduce Rodriguez's sentence under § 3582(c)(2), and the district court should have dismissed Rodriguez's motion for lack of jurisdiction instead of denying it on the merits.[3] *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Burks*, 301 F. App'x 781, 782 (10th Cir. 2008) (unpublished).

## CONCLUSION

We remand to the district court with instructions to dismiss Rodriguez's § 3582(c)(2) motion for lack of jurisdiction. We grant Rodriguez's motion for leave to proceed *in forma pauperis* on appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] The district court stated that Rodriguez's "motion for a sentencing reduction should be denied" rather than dismissing it for lack of jurisdiction. R. vol. 1 at 28.

6