**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE LOPEZ,

     Defendant - Appellant.

No. 16-3120
(D.C. No. 2:07-CR-20122-KHV-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Jose Lopez appeals the dismissal by the United States District Court for

the District of Kansas of his motion for a sentence reduction under 18 U.S.C.

§ 3582(c)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On April 8, 2009, Defendant pleaded guilty to possession with intent to distribute

500 grams or more of methamphetamine. The district court adopted his presentence

report (PSR), which stated that he had been apprehended with 10.62 kilograms of actual

methamphetamine. Under the 2009 Sentencing Guidelines the threshold weight of actual

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

methamphetamine required to reach the maximum base offense level of 38 was 1.5 kilograms. *See* USSG § 2D1.1(c)(1) (2009). The district court set that offense level and sentenced Defendant to 405 months in prison.

Amendment 782 to the United States Sentencing Guidelines raised to 4.5 kilograms the threshold weight of actual methamphetamine needed to reach the maximum base offense level of 38, *see* USSG § 2D1.1(c)(1) (2014); and Amendment 788 made that change retroactive. Defendant moved for a sentence reduction under those amendments. The district court dismissed for lack of jurisdiction because Defendant's offense level remained the same under the amended guidelines.

The dismissal was correct. Amendment 782 "did not lower [Defendant's] sentencing range because his [2009] conviction involved too much [actual methamphetamine] for him to qualify for relief." *United States v. Gay*, 771 F.3d 681, 683 (10th Cir. 2014); *see also United States v. Pace*, 650 F. App'x 940, 943 (10th Cir. 2016) (denying reduction when sentencing court determined that defendant was responsible for sufficient drug quantity that guidelines amendment did not reduce offense level (and hence did not reduce his guidelines sentencing range)). Because Defendant's sentencing range was not lowered by Amendment 782, he is not entitled to relief.

We AFFIRM. Mr. Lopez's motion to proceed in forma pauperis is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge

2