**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey Scott COBB, Defendant–Appellant.**

**No. 08–1213.**

United States Court of Appeals, Tenth Circuit.

Oct. 26, 2009.

---

Howard A. Pincus, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with him on the briefs), Denver, CO, for Defendant–Appellant.

John M. Hutchins, Assistant United States Attorney (David M. Gaouette, Act-

ing United States Attorney, and Robert Mydans, Assistant United States Attorney, with him on the briefs), Denver, CO, for Plaintiff–Appellee.

Before HARTZ, HOLLOWAY, and McKAY, Circuit Judges.

McKAY, Circuit Judge.

After the Sentencing Commission retroactively applied Amendment 706's modifications to the crack cocaine sentencing guidelines, the defendant, Jeffrey Scott Cobb, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). However, the court dismissed Defendant's motion for lack of jurisdiction. Specifically, the court ruled that because Defendant's sentence was based on a plea entered pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure (precursor to the current Rule 11(c)(1)(c)) rather than on the sentencing guidelines, the court lacked authority to reduce Defendant's sentence. Defendant appeals, arguing his sentence was based on the guidelines because the parties based the plea agreement on the properly computed guideline range, and the stipulated sentence fell within this range. Because we find the court had authority to reduce Defendant's sentence under § 3582(c)(2), we reverse the district court's judgment and remand this case.

## BACKGROUND

In March 1999, Defendant was charged with four offenses relating to the distribution of crack cocaine. He ultimately pled guilty to possessing 1000.5 grams of crack cocaine with the intent to distribute it. During the plea process, the parties entered into two Rule 11(e)(1)(C) agreements. In the first, they stipulated to a sentence at the bottom of the range specified in the sentencing guidelines—a range that contemplated a one-level downward departure based upon U.S.S.G. § 5K1.1.

But when the parties' plans under § 5K1.1 broke down, Defendant moved to withdraw his guilty plea so that he could plead guilty under a different Rule 11 agreement. The court granted this request.

In the second Rule 11 agreement, the parties stipulated to a sentence at the bottom of the guideline range, as they had in the first. However, the range contemplated in this agreement included no downward departure. The agreement specified that under the sentencing guidelines, Defendant's offense level was thirty-three and he fell within a criminal history category of III, so his sentencing range was 168 to 210 months. Like the first agreement, the second agreement stipulated that sentencing would be "determined by application of the sentencing guidelines." (Vol. 1, Doc. 70 at 5.) The agreement also noted that the stipulated sentence of 168 months was "the bottom of the applicable guideline range." (*Id.* at 2.)

At the change-of-plea hearing relating to the second plea agreement, the court also observed that the parties were agreeing to a sentence at the bottom of the guideline range. The judge informed Defendant that the calculated range was an "estimate how these Guidelines apply to the circumstances of your case so as to define your sentence within a range of months." (Vol. 3 at 10.) The court then described the presentence report and objection processes, noting that its "duty" at sentencing would be to apply the guidelines. (*Id.* at 11.)

The presentence report specified the same guideline range as contained in the second agreement, finding the calculation accounted for all relevant conduct. At sentencing, the court also agreed with the guideline computation, finding Defendant's offense level to be thirty-three and his criminal history category to be III. The

court indicated that it would impose a sentence with the range of 168 to 210 months, noting there was "no reason to depart from the Guideline range." (Vol. 4 at 3.) Ultimately, the court imposed a sentence of 168 months after accepting the Rule 11 agreement. The subsequent judgment explained that the "sentence is within the guideline range." (Vol. 1, Doc. 76 at 7.)

After the United States Sentencing Commission amended the drug quantity table associated with § 2D1.1(c) of the sentencing guidelines, reducing by two levels the base offense levels of crack cocaine-related offenses, *see* U.S.S.G.App. C, Amend. 706, Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2), requesting a hearing and asking the court to reduce his sentence. Under the modified range, Defendant's offense level would drop to thirty-one and his guideline range would be 135 to 168 months. Defendant asked for a sentence at the bottom of the modified range, arguing that his plea agreement was tethered to the guidelines, so his sentence was necessarily based upon them. The government responded, contending that because the court imposed the sentence pursuant to the parties' Rule 11 stipulation to a specific number of months, the sentence was not guideline-based.

At the § 3582 hearing, the parties' arguments continued in much the same vein. Defense counsel argued the stipulated sentence was a product of the guidelines because its negotiation was based on the guidelines and their mandatory nature at the time. It "was the lowest number that legally—at that time legally anybody could do." (Vol. 5 at 13.) The prosecutor argued against a reduced sentence, but acknowledged that the parties had stipulated to a sentence at "the low end of the guidelines." (*Id.* at 19.) In addition, he admitted that the guidelines directed the range of sentencing options: "if the Guidelines had been a different number ... probably the Plea Agreement would have been a different number." (*Id.*) The court ultimately found that it lacked the power to reduce the sentence, concluding that "as a matter of fact and law" the sentence was not based upon the guideline range. (*Id.* at 28.) Specifically, the court noted that when faced with Rule 11 pleas, it reviewed all of the information and considered the guideline range before accepting the plea. However, the court also considered itself to have a black and white choice of accepting or rejecting the plea, without injecting itself into the process. On those grounds, the court denied Defendant's § 3582 motion.

## ANALYSIS

 Although this case emanates from a familiar area of law, it presents a significantly different question—one not yet addressed by this court. Defendant argues that because his sentence was based on a qualifying sentencing range as statutorily required, the court erred in concluding it lacked authority to decrease his sentence under § 3582. Neither *United States v. Trujeque*, 100 F.3d 869 (10th Cir.1996), nor our other cases have addressed specifically the "based on a sentencing range" language of § 3582(c)(2) as it relates to plea negotiations under Rule 11. Because the key issue on appeal is the scope of a district court's authority in a proceeding under § 3582, we conduct *de novo* review. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir.2008).

Under § 3582, a court can only modify a term of imprisonment upon a defendant's motion where the defendant has been sentenced to a term of imprisonment "*based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." 18 U.S.C. § 3582(c)(2) (empha-

sis added). The core of Defendant's argument is that although the court accepted the parties' Rule 11 agreement, the agreement itself called for a sentence within the guideline range and the parties' negotiations centered on the guideline range. The plea agreement simply dictated the sentence selection within a properly calculated guideline range, so, by sentencing in accordance with the plea, the court imposed a sentence based on that qualifying range.

The government, on the other hand, argues Defendant does not fall into the class of defendants covered by § 3582 because of the stipulated nature of the sentence. The government contends that stipulated-sentence plea agreements categorically cannot fall within the purview of § 3582 because there is too tenuous a connection between stipulated sentences and the sentencing guidelines. The government's argument rings of common-law contract principles in its focus on the fact of negotiation and the contractual expectations of the parties. The government implies that only a "run-of-the-mill" guideline sentence, not a sentence springing from negotiation by the parties in any way, falls within the purview of § 3582(c)(2). (Appellant Br. at 24.)

In their arguments, both parties discuss *Trujeque,* our only published case addressing the interplay of Rule 11 pleas and § 3582(c)(2).[1] However, *Trujeque*'s rationale is inadequate to address the questions in this case and, because it is factually quite different, *Trujeque* does not control

the outcome. In *Trujeque,* the defendant entered into a plea agreement under Rule 11(e)(1)(C), then later moved to reduce his sentence under § 3582(c)(2). We determined the defendant's sentence was based on a Rule 11 plea agreement rather than a qualifying sentencing range, concluding quite summarily that because of this, "the district court should have dismissed Mr. Trujeque's motion without considering its merits." 100 F.3d at 871. However, *Trujeque* is factually inapplicable to this case because it involved a stipulation to a sentence outside the later-lowered sentencing range, not a sentence tied to a correctly determined range. Based on the defendant's offense level of thirty-two and his criminal history category of I (as specified in the opinion's second footnote), his original guideline range would have been 121 to 151 months. However, the parties stipulated to a sentence of eighty-four months—well below the low end of his range. *See Trujeque,* 100 F.3d at 870 n. 2.

In this case, unlike *Trujeque,* Defendant's sentencing disposition was tied to the guidelines at every step. First, and perhaps most importantly, the parties' negotiations and the stipulated sentence focused on the later-lowered sentencing range. The prosecutor's concession at the § 3582 hearing establishes as much: "if the Guidelines had been a different number ... probably the Plea Agreement would have been a different number." (Vol. 5 at 19.) In light of this comment, it is unsurprising that Defendant's final plea agreement specified the applicable guide-

---

1. Our unpublished panel decisions have largely read *Trujeque* as saying sentences imposed pursuant to stipulated terms of imprisonment under Rule 11 are not amenable to reduction under § 3582. *See, e.g., United States v. Gonzales,* 308 Fed.Appx. 251 (10th Cir.2009); *United States v. Burks,* 301 Fed.Appx. 781, 782 (10th Cir.2008); *United States v. Harper,* 282 Fed.Appx. 727, 729 (10th Cir.2006);

*United States v. Olvera–Garcia,* 60 Fed.Appx. 221, 223 (10th Cir.2003); *United States v. Nunez–Rios,* —— Fed.Appx. ——, ——, 2003 WL 464064, *2 (10th Cir. Feb.25, 2003). However, these opinions lack precedential value. Because they do not address the precise issue we address in this case, they lack persuasive value as well.

line range and denoted that Defendant's sentence would be guideline-based. In other words, the parties negotiated the stipulated sentence to be a guideline-range sentence.

In addition, the parties expected the district court to independently determine and consider the applicable guidelines range in imposing the sentence-and the court did so. At the change of plea hearing, the district judge told Defendant of his duty and plan to apply the guidelines at sentencing. Indeed, under § 6B1.2(c) of the sentencing guidelines in effect at the time, the district court was obligated to consider the guideline range in determining whether to accept the Rule 11 plea to a specific sentence. U.S.S.G. § 6B1.2(c) (1998). At the sentencing hearing, the judge considered the information in the presentence report, determined the guideline calculations in the report (the same calculations set out by the parties in the plea agreement) were correct, and announced that he saw no reason to depart from the guideline range. Although the court noted at the § 3582 hearing that it considered itself to have a black or white choice of accepting or rejecting Rule 11 pleas, it also recognized that it had considered the then-applicable guideline range before accepting the plea.

In this way, the facts of this case more closely resemble those of *United States v. Dews*, 551 F.3d 204 (4th Cir.2008), than those of *Trujeque*. In *Dews*, the Fourth Circuit reviewed a case where the district court sentenced the defendants under a Rule 11 agreement to a stipulated sentence that fell within the guideline range. The district court later found it lacked authority under § 3582 to reduce the defendants' sentences because they had entered pleas pursuant to Rule 11. The Fourth Circuit reversed, noting that the district court had only accepted the pleas after determining the stipulated sentences fell within the guidelines. The circuit recognized that the parties had stipulated to a sentence in light of existing circumstances but did not agree that regardless of future events the sentence would be forever immutable. Key to the court's conclusion was the concept that "a sentence may be *both* a guidelines-based sentence eligible for treatment under § 3582(c)(2) and a sentence stipulated to by the parties in a plea agreement pursuant to Rule 11(e)(1)(C)." *Dews*, 551 F.3d at 209. In other words, the court found that sentences need not be based *solely* upon a qualifying sentencing range to fall within the reach of § 3582. Rather, if they meet the requirements of § 3582(c)(2), even defendants who agree to specific terms of imprisonment under Rule 11 may seek sentence reductions under Amendment 706. The Fourth Circuit distinguished *Trujeque* as we do now, by recognizing that the Rule 11 agreement in that case called for—and the district court imposed—a sentence far outside of the applicable guideline range.

We agree with the Fourth Circuit that nothing in the language of § 3582(c)(2) or in the language of Rule 11 precludes a defendant who pleads guilty under Rule 11 from later benefitting from a favorable retroactive guideline amendment. *But see, e.g., United States v. Peveler*, 359 F.3d 369, 379 (6th Cir.2004) (concluding the language of Rule 11 precludes application of § 3582(c)); *United States v. Scurlark*, 560 F.3d 839, 842 (8th Cir.2009) (same). Implicitly, in *Trujeque* and our later cases relying upon it, we have imported contract analysis into our application and interpretation of § 3582. But we lack statutory or guideline authority for doing so. We are construing a statute, not common law. Importing contract ideas into our assessment of § 3582 would hinder adequate consideration of

Defendant's perfectly logical analysis and misdirect our focus from the reasonable interpretation that Congress did not intend to keep negotiated plea agreements (even those specifying a particular sentence within a properly computed guideline range) from the reach of § 3582. In § 3582(c)(2), Congress merely used the language "based upon a qualifying sentencing range." The statute imposes no requirement that to be based on a qualifying range, the sentence be a non-negotiated, "run-of-the-mill" guideline sentence. Instead, it generally allows for reductions of sentences which are based in any way on a qualifying range. No other connection is required.

With § 3582 and the authority Congress gave to the Sentencing Commission under 28 U.S.C. § 994(*o*), Congress intended, in part, to reduce unwarranted disparity in sentencing. *See* 28 U.S.C. § 991(b)(1)(B). Section 3582 was enacted in an environment in which an overwhelming number of cases were resolved by plea agreements, *see* Ronald F. Wright, *Trial Distortion and the End of Innocence in Federal Criminal Justice,* 154 U. Pa. L.Rev. 79, 91 fig. 1 (2005), as they still are today, *see* United States Sentencing Commission, *Sourcebook of Federal Sentencing Statistics,* fig. C (2008). Barring defendants who enter Rule 11 pleas from pursuing sentence modifications under § 3582 tends to undermine this general pattern and ignore the pervasiveness of pleas. It also undervalues the role of the guidelines in determining the negotiable range in plea agreements. It is simply unrealistic to think that the applicable guideline range is not a major factor (if not *the* major factor) in reaching a stipulated sentence. If we categorically removed Rule 11 pleas from the reach of § 3582, it would perpetuate the very disparity § 3582 and the retroactive application of Amendment 706 were meant to correct. Such an approach would leave defendants who pled guilty before the effective date of the amendment with higher sentences than those who pled guilty afterward because the post-amendment pleas and plea negotiations are based on the lower, modified sentencing ranges. Therefore, all defendants who entered Rule 11 pleas before the effective date of the amendment would be left serving greater sentences on the now-rejected grounds of the 100–to–1 powder-to-crack cocaine ratio.

█ Ultimately, we hold truer to the language of § 3582(c)(2) by concluding the district court has authority to reduce sentences imposed pursuant to Rule 11 pleas where, as here, the sentence was based at least in part on the then-applicable sentencing range.

## CONCLUSION

For the above reasons, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

HARTZ, Circuit Judge, dissenting:

I respectfully dissent. Agreeing with every circuit to have decided the matter (including our own), I would hold that a sentence to a specific term required by a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) is not a sentence "based on a sentencing range" within the meaning of that phrase in 18 U.S.C. § 3582(c)(2). Therefore, such a sentence cannot be modified under § 3582(c)(2) even if the parties calculated and considered the guidelines sentencing range when reaching their plea agreement and the district court did likewise when deciding to accept the agreement.

## I.

In June 1999 the government and Defendant executed their "Plea Agreement

and Statement of Facts Relevant to Sentencing." R., Vol. I Doc. 70 at 1. Section I, entitled "Plea Agreement," states as follows:

> The Defendant will plead guilty to Count Two of the Indictment filed March 25, 1999, charging a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine base also known as crack cocaine) and Title 18 United States Code, Section 2. At the time of sentencing, the United States agrees to dismiss all the remaining counts in the indictment as to this defendant only. *The parties agree that this plea agreement is entered into pursuant to the provisions of Rule 11(e)(1)(C)* [¹], *Federal Rules of Criminal Procedure, and that the appropriate sentence in this case in [sic] 168 months in the custody of the Bureau of Prisons, which is the bottom of the applicable guideline range based upon a Criminal History Category III and an Adjusted Offense Level of 33.* The parties understand that if the Court should not accept the agreed upon sentence of 168 months, the defendant has the right to withdraw his plea of guilty.

*Id.* at 1–2 (emphasis added). Section II states the maximum statutory penalties, Section III sets forth evidence concerning Defendant's criminal misconduct, and Section IV contains a guidelines computation. Section V justifies the agreed-upon sentence, stating:

> [T]he parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed and the sentencing guidelines takes into account

all pertinent sentencing factors with respect to this defendant.

The plea agreement was governed by what is now Federal Rule of Criminal Procedure 11(c)(1)(C), which states that a plea agreement may provide that the government will

> agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

The district court then "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed.R.Crim.P. 11(c)(3)(A). If it accepts the agreement, "it must inform the defendant that ... the agreed disposition will be included in the judgment." *Id.* Rule 11(c)(4).

In this case the district court ordered a presentence report, which calculated the same guidelines sentencing range as the parties had. Finding the agreed sentence appropriate, the court approved the agreement and sentenced Defendant to 168 months' imprisonment.

About 10 years later the Sentencing Commission revised the offense levels for crack-cocaine offenses and made the revisions retroactive. Defendant therefore moved for resentencing under 18 U.S.C. § 3582(c)(2), which permits the district court to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

---

**1.** The content of Rule 11(e)(1)(C) at the time of the plea agreement was amended at the end of 1999. In 2002 it was restyled and recodified as Rule 11(c)(1)(C). These revisions effected no substantive change material to this appeal, so in this opinion I will use the language of the present rule.

Commission." The district judge, who had sentenced Defendant originally, denied the motion on the ground that the statutory predicate had not been satisfied, "find[ing] and conclud[ing] [that the Rule 11(c)(1)(C) plea] was not based on Sentencing Guidelines." R., Vol. V at 26. He explained:

> [M]y practice consistently under either 11(e)(1)(C) or 11(c)(1)(C) was to consider a stipulated sentence, whatever it was, to be binding upon me to either approve it or not approve it. And certainly that decision was based in part on what I considered in that context to be advice of the Sentencing Guidelines. I understand that they were mandatory. So that if the parties stipulated to a sentence under 11(e)(1)(C), it was merely a guide, one of many considerations, including the entire presentence report, which in my practice included authority to probation officers as an officer of the Court, an arm of the Court, to go beyond the stipulation of facts in the Plea Agreement.

*Id.* at 23–24. Continuing his remarks, the judge pointed out that the presentence report (PSR) had mentioned evidence that could have enhanced Defendant's offense level above what the PSR recommended, and he said that the guidelines calculation was "just one thing noted." *Id.* at 25. He inferred that the 168–month sentence was the product of negotiations and concluded:

> [I]n this case I know what I did and why I did it. It was because the parties agreed to a 168–month sentence, and after I reviewed the Presentence Report, even in light of some concerns, I said to myself the parties must know what they're doing here, and I approved it.

*Id.* at 29.

## II.

Thus, the record is clear that the parties considered the Sentencing Guidelines in arriving at the stipulated sentence and that the district court also took into account the guidelines in deciding whether to approve the plea agreement and the stipulated sentence. As I understand the majority opinion, the predicate for application of § 3582(c)(2) was therefore satisfied because Defendant's sentence was "based on a sentencing range" later modified by the Sentencing Commission. Apparently, the majority believes that a stipulated sentence is "based" on the guidelines if one of the essential parties—the prosecutor, the defendant, or the district court—considered the guidelines in deciding whether the stipulated sentence was a good idea.

I disagree. Such a reading of the term *based* essentially renders impotent the "based on a sentencing range" requirement for relief under § 3582(c)(2). Almost every sentence could be modified under § 3582(c)(2) because it will be a rare sentence indeed that is arrived at without any of the essential parties taking the guidelines into consideration. (Perhaps the sole exceptions would be mandatory sentences, but those could not be modified under § 3582(c)(2) in any event.)

A more reasonable construction of the statutory language would be that a sentence is "based on a sentencing range" if the proper calculation of the sentencing range is of legal consequence to the validity of the sentence; that is, a sentence is "based on a sentencing range" only if the sentence could be successfully challenged on appeal on the ground that the guidelines sentencing range was miscalculated. Under this construction, virtually all non-mandatory sentences other than stipulated sentences under Fed.R.Crim.P. 11(c)(1)(C) would satisfy the "based on" requirement. A sentence before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), could be set aside because of an

erroneous calculation of the guidelines sentencing range. *See, e.g., United States v. Fortier,* 180 F.3d 1217 (10th Cir.1999). And post-*Booker* a sentence can be set aside for procedural unreasonableness if the guidelines range was not properly calculated. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

In this case, Defendant could not have appealed his sentence on the ground that the parties or the PSR had miscalculated the proper guidelines range. *Cf. United States v. Bernard,* 373 F.3d 339, 343–47 (3d Cir.2004) (rejecting challenge that stipulation under Rule 11(c)(1)(C) was contrary to guidelines). Thus, his sentence was not "based" on a guidelines sentencing range and cannot be modified under § 3582(c)(2). It would be odd if a district court could alter a sentence under § 3582(c)(2) because of a retroactive change in the guidelines, when the same sentence could not have been challenged on direct appeal even if there had been an erroneous calculation under the guidelines in effect at the time of sentencing. Yet that would be the consequence of adopting the view of the majority opinion.

My view finds support in this court's decision in *United States v. Trujeque,* 100 F.3d 869 (10th Cir.1996). Holding that the district court lacked jurisdiction to modify a sentence under § 3582(c)(2), we said in that opinion that the defendant's "sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'.... Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement." *Id.* at 871. Although that case differs from this one in that the stipulated sentence was outside the guidelines sentencing range, our opinion did not rely on that feature of the case.

The majority opinion follows the opinion by a divided panel in *United States v.*

*Dews,* 551 F.3d 204 (4th Cir.2008). But that opinion was vacated when the Fourth Circuit decided to hear the case en banc, Order, No. 08–6458 (10th Cir. Feb. 20, 2009), and the case was later dismissed as moot, Order (May 4, 2009). As matters now stand, all other circuits (and apparently all but one district court) to have ruled on the matter have held that a sentence under Rule 11(e)(1)(C) cannot be modified under § 3582(c)(2). *See United States v. Scurlark,* 560 F.3d 839, 841 n. 2 (8th Cir. 2009) (collecting cases); *United States v. Main,* 579 F.3d 200 (2d Cir.2009) (same); cf. *United States v. Sanchez,* 562 F.3d 275 (3d Cir.2009) (lead opinion follows *Trujeque* but concurring judge does not reach the issue and dissent follows *Dews).* I agree with this great weight of authority.

