FILED
United States Court of Appeals
Tenth Circuit

May 5, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 09-2104 |
| | (D.Ct. No. 1:01-CR-00955-MV-1) |
| | (D. N.M.) |
| JOSE RUBIO, | |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Jose Rubio pled guilty to one count of distribution of less than five grams of cocaine base (crack cocaine), in violation of 21 U.S.C.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 841(a)(1) and (b)(1)(C), and one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him to 150 months imprisonment on both counts, to run concurrently. Thereafter, Mr. Rubio filed a motion for reduction of sentence under 18 U.S.C. § 3582(c) in conjunction with Amendment 706 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The district court denied the motion on grounds it lacked jurisdiction to consider his motion pursuant to then-Federal Rule of Criminal Procedure 11(e)(1)(C) (now 11(c)(1)(C)). Although Mr. Rubio has filed a pro se appeal of the denial of his § 3582 motion, his attorney has filed an *Anders* brief and moved for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Factual and Procedural Background

Pursuant to a plea agreement entered May 7, 2002, Mr. Rubio pled guilty to one count of distribution of less than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). As part of the plea agreement, the parties stipulated to a sentence of 150 months imprisonment under then-Federal Rule of Criminal Procedure 11(e)(1)(C). After

Mr. Rubio pled guilty, a federal probation officer prepared a presentence report in conjunction with the Guidelines to determine his recommended sentence. Because Mr. Rubio was at least eighteen years old at the time of the commission of the instant offense and had two prior felony drug convictions, the probation officer classified Mr. Rubio as a career offender under U.S.S.G. § 4B1.1(b), which provided for an offense level of thirty-four. After applying a three-level decrease for acceptance of responsibility to the career offender offense level, the probation officer calculated Mr. Rubio's total offense level at thirty-one.

With respect to Mr. Rubio's criminal history computation, the probation officer determined he had fourteen criminal history points, establishing a criminal history category of VI. The probation officer also determined that because Mr. Rubio was a Guidelines career offender under U.S.S.G. § 4B1.1(b), his career offender criminal history category was also VI under that provision, which, together with his offense level of thirty-one, resulted in a Guidelines sentencing range of 188 to 235 months. Pursuant to the parties' stipulation under then-Rule 11(e)(1)(C), the district court sentenced Mr. Rubio to 150 months imprisonment.

On February 13, 2008, Mr. Rubio filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine

offenses effective November 1, 2007, and retroactive as of March 3, 2008.[1] Following a hearing on Mr. Rubio's § 3582 motion, the district court denied it, relying on *United States v. Trujeque*, 100 F.3d 869, 870-71 (10th Cir. 1996), and explaining it lacked jurisdiction to consider his motion because Mr. Rubio was sentenced on "a specific, agreed-upon sentence pursuant to then-Rule 11(e)(1)(C)."

## II. Discussion

Following Mr. Rubio's pro se notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining that after a careful examination of the relevant law and record on appeal, no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. First, counsel acknowledges that in *United States v. Cobb*, 584 F.3d 979, 984 (10th Cir. 2009), we held that nothing in the language of Rule 11 precludes a defendant from benefitting from a favorable retroactive Guidelines amendment, so that the district court improperly ruled it lacked jurisdiction to grant relief under Rule 11. Nevertheless, counsel asserts the district court's dismissal was appropriate, given Mr. Rubio is a career offender, to which Amendment 706 does not apply.

---

[1] *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2).

Pursuant to *Anders,* this court gave Mr. Rubio an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Thereafter, on April 26, 2010, Mr. Rubio filed a response, asserting the district court had jurisdiction, under *Cobb,* to rule on his motion and requesting this court remand his motion to the district court for a ruling. The government filed a notice of its intention not to file an answer brief in this appeal.

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* Even if we consider Mr. Rubio's response, we agree with his counsel's assessment of the issue presented. Regardless of whether the district court improperly determined it lacked jurisdiction to review Mr. Rubio's motion under Rule 11, it nevertheless lacked jurisdiction to modify his sentence because calculation of that sentence was based on application of the career offender enhancement under U.S.S.G. § 4B1.1, rather than § 2D1.1 which was modified by Amendment 706. As we determined in *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008), Amendment 706 lowered the sentencing range for crack cocaine offenses and does not apply to career offenders under § 4B1.1, which was not changed by that amendment. Section 3582(c)(2) only permits a reduction in sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See also* U.S.S.G. § 1B1.10(a)(2)(B). Thus, the

district court lacked jurisdiction to reduce Mr. Rubio's sentence because it was calculated based on his career offender status under § 4B1.1, to which Amendment 706 does not apply.

### III. Conclusion

For these reasons, no meritorious appellate issue exists for our review on direct appeal. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Rubio's appeal. In addition, we **DENY** Mr. Rubio's motion for appointment of attorney.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge