FILED
United States Court of Appeals
Tenth Circuit

July 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERIC GRAYSON,

      Defendant - Appellant.

No. 10-8010
(D. Wyo.)
(D.C. No. 1:08-CR-00173-WFD-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral argument.

Eric Grayson entered into a Rule 11(c)(1)(C) plea agreement which called for 180 months imprisonment. Pursuant to the agreement, he pled guilty to offenses involving

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

the distribution of crack cocaine. The district court accepted the binding agreement and plea; it sentenced Grayson accordingly. Eleven months later, Grayson moved, pro se,[1] to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court dismissed for lack of jurisdiction. He appealed.[2] We affirm.

## I.     BACKGROUND

Grayson pled guilty to two counts of aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 and one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 and 851, committed on May 19, 2008. On January 8, 2009, the district court accepted the plea agreement and, being bound by it, imposed the sentence agreed upon by Grayson and the government — 180 months imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C).[3]; *cf.* Fed. R. Crim. P. 11(c)(1)(B) (non-binding sentencing recommendations). On December 16, 2009, Grayson moved to reduce the sentence

---

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Our jurisdiction derives from 18 U.S.C. § 3742(a)(2), which permits appeals from sentences "imposed as a result of an incorrect application of the sentencing guidelines," and from 28 U.S.C. § 1291, which permits "appeals from all final decisions of the district courts of the United States . . . ."

[3] The rule provides in relevant part:

> If the defendant pleads guilty . . . to . . . a charged offense . . ., the plea agreement may specify that an attorney for the government will: . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C).

under 18 U.S.C. § 3582(c)(2). He argued Amendment 706[4] to the United States Sentencing Guidelines required a sentence reduction. Relying on *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996), the court denied the motion for lack of jurisdiction, saying "Grayson may not seek a sentence reduction under [18 U.S.C. § 3582(c)(2)] as his sentence was part of a plea agreement specifying a term of imprisonment pursuant to Rule 11(c)(1)(C)." (R. Vol. I at 67.)

## II.      DISCUSSION

Our review is de novo. *United States v. Cobb*, 584 F.3d 979, 982 (10th Cir. 2009), *reh'g en banc granted*, 595 F.3d 1202 (10th Cir.), *reh'g en banc vacated and judgment reinstated*, 603 F.3d 1201 (10th Cir. 2010). A district court's ability to alter an imposed prison term is statutorily constrained. "[A] court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment [1] *based on* a sentencing range that [2] has *subsequently* been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added). As this case does not fall within the statutory exception, the district court was powerless to grant the requested relief.

A. "Based On" the Sentencing Guidelines

*Trujeque* held a sentence imposed pursuant to Rule 11(c)(1)(C) is "not 'based on a

---

[4] In 2007, the United States Sentencing Commission amended the drug quantity table in USSG §2D1.1(c) to reduce the sentencing disparity between crack cocaine and powder cocaine. USSG App. C, Amend. 706 (2007). The amendment reduced the base offense level for crack cocaine-related offenses by two levels. *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).

sentencing range that has subsequently been lowered by the Sentencing Commission' . . . ." 100 F.3d at 871 (quoting 18 U.S.C. § 3582(c)(2)). In that case, we concluded the district court "should have dismissed Mr. Trujeque's motion without considering its merits." *Id.*

In *Cobb* we distinguished Trujeque's sentence, which was "well below the low end of his [statutory guideline] range" and was specifically controlled by Rule 11(c)(1)(C). 584 F.3d at 983. Cobb's plea agreement did not require a specific term of imprisonment; instead it identified a guideline sentencing range, which the parties agreed was appropriate. It was, accordingly, "tied to the guidelines at every step." *Id.* We said a district court has the authority under 18 U.S.C. § 3582(c)(2) to reduce a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement "where . . . the sentence was based at least in part on the then-applicable sentencing range." *Id.* at 985.

Grayson relies on *Cobb*, arguing "the District Court had authority to reduce [his] sentence, even though it was imposed pursuant to a plea agreement." (Appellant's Opening Br. at 3.) But this case is more like *Trujeque* because the court was bound to impose the 180-month sentence stipulated to in the plea agreement; it was not merely constrained to impose a sentence within the appropriate guideline range as in *Cobb*. The district court specifically acknowledged the term of imprisonment was <u>not</u> framed by the guidelines, saying: "I've now accepted the plea agreement without conditions[;] I've accepted the binding provisions. I have bound myself to the terms of this binding plea agreement, and I must sentence you in accordance with its provisions[—] a term of 180 months concurrent as to Counts One, Two and Three." (R. Supp. Vol. I at 61.) The

- 4 -

requirement of 18 U.S.C. § 3582(c)(2) — that the sentence sought to be reduced was originally "based on" a subsequently lowered guideline range — was not satisfied.

B.  "Subsequently" Lowered

The district court was precluded from granting the reduction for another, equally persuasive, reason.  Amendment 706 went into effect on November 1, 2007.  *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).  Grayson's crimes were committed in May 2008, he was indicted on July 24, 2008, he pled guilty on October 17, 2008, and he was sentenced on January 8, 2009.  Amendment 706 was in effect throughout.  He was not sentenced to a term of imprisonment based on a guideline range which was "subsequently" lowered by the Sentencing Commission.  *See United States v. Darton*, 595 F.3d 1191, 1195 (10th Cir.) (where "Amendment 706 would not lower the offense level or criminal-history category of [the defendant] . . . [he] cannot say that he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.") (quotations omitted), *cert. denied*, --- S. Ct. ---, 2010 WL 1991552 (2010).

**AFFIRMED**.

We **DENY** Grayson's motion for leave to proceed on appeal *in forma pauperis*. To be permitted *in forma pauperis* status "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  As discussed above, Grayson has not

presented a reasoned, non-frivolous argument in support of the issues raised on appeal.

He must immediately pay the filing and docket fees in full.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge